*Lakisha DeVaughn v. StoneMor Partners, L.P.*, No. 578, September Term, 2025. Opinion by Nazarian, J.

**TORTS – NEGLIGENCE – PREMISES LIABILITY – RECREATIONAL USE STATUTE**

The circuit court abused its discretion when it denied the plaintiff's motion to reconsider the dismissal of her complaint on the ground that Maryland Code (2000, 2023 Repl. Vol., 2024 Cum. Supp.), §§ 5-1101 to 5-1109 of the Natural Resources Article, Maryland's Recreational Use Statute, barred her negligence claim against the owner of a cemetery where she tripped in a ditch and was injured while visiting her son's gravesite. Although the decision to grant or deny a revisory motion under Maryland Rule 2-534 is committed ordinarily to the circuit court's discretion, here, the circuit court applied the incorrect legal test to determine whether the Recreational Use Statute relieved the cemetery owner of any liability for the plaintiff's injury. For the Recreational Use Statute to apply in this case under the test articulated by the Supreme Court of Maryland in *Mayor and City Council of Baltimore v. Wallace*, 492 Md. 349 (2025), the circuit court must determine *first* that the area of the cemetery where the plaintiff was injured is one that the owner intended to be used primarily for recreational or educational—not commercial—purposes and *second* that the plaintiff was using that area of the cemetery for recreational or educational purposes when she was injured.

Circuit Court for Prince George's County
Case No. C-16-CV-24-005457

<u>REPORTED</u>

<u>IN THE APPELLATE COURT</u>

<u>OF MARYLAND</u>

No. 578

September Term, 2025

_____

LAKISHA DEVAUGHN

v.

STONEMOR PARTNERS, L.P.

_____

Nazarian,
Zic,
Beachley, Donald E.,
  (Senior Judge, Specially Assigned),

JJ.

_____

Opinion by Nazarian, J.

_____

Filed: July 30, 2026

Pursuant to the Maryland Uniform Electronic Legal
Materials Act (§§ 10-1601 et seq. of the State
Government Article) this document is authentic.



Gregory Hilton, Clerk

This case involves the application of Maryland Code (2000, 2023 Repl. Vol., 2024 Cum. Supp.), §§ 5-1101 to 5-1109 of the Natural Resources Article ("NR"), known commonly as Maryland's "Recreational Use Statute," to a claim of negligence against the owner and operator of a cemetery for alleged injuries sustained by a visitor to the premises.

StoneMor Partners, L.P. ("StoneMor") is the owner and operator of Lincoln Memorial Cemetery (the "Cemetery") in Suitland and holds the Cemetery open to the public. In November 2024, Lakisha DeVaughn filed a complaint against StoneMor in the Circuit Court for Prince George's County, alleging that she tripped in a ditch on Cemetery grounds during an April 2024 visit to her son's gravesite and sustained serious injuries due to StoneMor's failure to maintain the grounds in a safe condition. StoneMor responded to the complaint with a motion to dismiss, and after Ms. DeVaughn's failure to file a timely opposition, the circuit court dismissed her complaint. Ms. DeVaughn filed a motion to reconsider and the court denied that motion, on the merits, on the grounds that under the Recreational Use Statute, StoneMor owed her no duty to maintain the Cemetery grounds. On appeal, Ms. DeVaughn argues that the circuit court erred in finding that the Recreational Use Statute barred her negligence claim. We agree and reverse and remand for further proceedings consistent with this opinion.

## I.    BACKGROUND

On November 11, 2024, Ms. DeVaughn filed a complaint against StoneMor seeking to recover in negligence for injuries she sustained during a visit to her son's gravesite on April 18, 2024. Ms. DeVaughn alleged that she buried her son in 2021 and that she visits the Cemetery once or twice annually to honor his memory and attend his gravesite. On this

occasion, she alleged that while walking around her son's gravesite, she stepped into a concealed ditch and suffered serious bodily harm. According to Ms. DeVaughn, the ditch was hidden "because of poor upkeep in the area" around her son's gravesite and her injury was the direct and proximate result of StoneMor's negligence in maintaining the premises. She alleged that StoneMor knows and expects that people will visit gravesites on Cemetery property, advertises the Cemetery as a "historical venue reflecting the history of African-Americans in the United States," and has a duty to ensure that the Cemetery grounds are safe and hazard-free for visitors to its gravesites. StoneMor breached its duty of care, she alleged, by failing to inspect the Cemetery grounds for possible hazards or to remediate known hazards, failing to warn visitors of known or potential hazards, and "otherwise failing to maintain the gravesite in a reasonable manner." Ms. DeVaughn sought compensatory damages.

StoneMor moved to dismiss the complaint under Maryland Rule 2-322(b) for failure to state a claim. It asserted that under the Recreational Use Statute,[1] it owed visitors to the Cemetery no legal duty to warn them of hazards, to inspect the Cemetery grounds, or to maintain the gravesites. Because it owed Ms. DeVaughn no duty of care, and because a plaintiff must prove the existence of a duty of care to prevail on a claim of negligence, StoneMor contended, Ms. DeVaughn failed to state a claim upon which relief could be granted. StoneMor asked the circuit court to dismiss the complaint with prejudice.

---

[1] As we explain below, when a landowner opens their land to the public for a "recreational and educational purpose," the Recreational Use Statute limits that landowner's liability to anyone who enters their land for such purpose. *See* NR § 5-1102(b).

Ms. DeVaughn failed to respond to StoneMor's motion within fifteen days of service as required under Maryland Rule 2-311(b), and the circuit court granted the motion as unopposed on January 17, 2025. On January 22, Ms. DeVaughn filed a motion to reconsider and attached an opposition to StoneMor's motion to dismiss. In her opposition, she asserted that the Recreational Use Statute only limits landowners' liability to members of the public, not to business invitees. She asserted further that she was a business invitee of StoneMor because she had purchased a gravesite at the Cemetery for her son. Because she was a business invitee and because she did not visit the Cemetery for a "recreational or educational purpose," she argued, the Recreational Use Statute didn't bar her claim.

StoneMor opposed Ms. DeVaughn's motion to reconsider. On February 25, the court ordered a hearing on the motion, and the parties appeared for the hearing on April 11, 2025. After hearing the parties' arguments, the court found that Ms. DeVaughn had entered the Cemetery on the day of her alleged injury free of charge. The court concluded that StoneMor owed Ms. DeVaughn no duty of care under the Recreational Use Statute and denied her motion to reconsider. The court entered an order denying Ms. DeVaughn's motion on April 28, 2025, and on May 19, 2025, Ms. DeVaughn noted this timely appeal.

## II.     DISCUSSION

Ms. DeVaughn presents one question for our review, which we rephrase: Did the circuit court err in denying her motion to reconsider its grant of StoneMor's motion to dismiss her complaint on the grounds that under the Recreational Use Statute, StoneMor owed her no duty to keep the Cemetery safe for entry or use or to warn her of potentially

3

hazardous conditions on the premises?[2]

The Maryland Rules don't provide for a "motion to reconsider," but parties file them all the time and all the same under the authority of other Rules. One of these is Maryland Rule 2-534, which permits a party, within ten days after entry of judgment, to file a motion to alter or amend the judgment. *In re Jacobson*, 256 Md. App. 369, 404 (2022) (*citing* Md. Rule 2-534). The decision to grant or deny such a motion is committed to the circuit court's discretion, and an appellate court will reverse the denial of a Rule 2-534 motion only for an abuse of that discretion. *Schlotzhauer v. Morton*, 224 Md. App. 72, 84 (2015) (citation omitted), *aff'd*, 449 Md. 217 (2016); *Morton v. Schlotzhauer*, 449 Md. 217, 231 (2016) (*citing Wilson-X v. Dep't of Hum. Res.*, 403 Md. 667, 674–75 (2008)). "Nevertheless, a 'court's discretion is always tempered by the requirement that the court correctly apply the law applicable to the case.'" *Schlotzhauer*, 224 Md. App. at 84 (*quoting Arrington v. State*, 411 Md. 524, 552 (2009)). "[C]ourts 'do not have discretion to apply inappropriate legal standards, even when making decisions that are regarded as discretionary in nature.'" *Morton*, 449 Md. at 231 (*quoting Wilson-X*, 403 Md. at 674–75). "Thus, an error in applying the law can constitute an abuse of discretion, even in the context of a motion for

---

[2] Ms. DeVaughn phrased her Question Presented as follows: "Did the trial court err by dismissing [Ms.] DeVaughn's claims under Section 5-1101, *et seq*, of the Natural Resources Article of the Annotated Code of Maryland?"

StoneMor's brief phrased the Question Presented as follows: "Whether the circuit court properly dismissed Appellant's negligence claim under Maryland's Recreational Use Statute, Md. Code. Ann., *Nat. Res.* §§ 5-1101, *et seq.*, where Appellant was not charged a fee and the cemetery was open to the public for recreational and educational purposes."

reconsideration made pursuant to Maryland Rule 2-534." *Id.* at 232.

This case comes to us on a less common posture, and one that reflects generosity on the part of the circuit court. The circuit court granted StoneMor's motion to dismiss originally based on Ms. DeVaughn's failure to oppose it, not on the merits. When Ms. DeVaughn moved to reconsider, she didn't offer any reason for her failure to file a timely opposition—she asked the circuit court for a do-over on the merits. Had the court denied Ms. DeVaughn's Rule 2-534 motion by reiterating that she hadn't opposed StoneMor's motion to dismiss on time or offered a compelling reason for failing to do so, we would be hard-pressed to find that the denial was an abuse of the court's discretion.

Indeed, Ms. DeVaughn reaped the benefits of an act of judicial grace. The circuit court decided, when it didn't have to, to exercise its discretion to allow Ms. DeVaughn the opportunity to raise her merits argument on reconsideration, then denied her motion on the (merits) ground that the Recreational Use Statute absolved StoneMor of any duty to her, not on procedural grounds. Normally, a party challenging the denial of a motion to reconsider on a ground not raised in connection with the original motion faces a steep standard of review on appeal: the only question for us is whether the court abused its discretion in deciding not to change its mind on reconsideration about a discretionary decision—abuse of discretion squared. *Wilson-X*, 403 Md. at 674–75 ("[T]he ruling on a motion for reconsideration is ordinarily discretionary, and . . . the standard of review in such a circumstance is whether the court abused its discretion in denying the motion."). But in this instance, the court denied the motion to reconsider on purely legal grounds, and because we hold that the court applied the incorrect legal standard when it determined that

5

StoneMor didn't owe Ms. DeVaughn any duty of care under the Recreational Use Statute, we end up holding that the court abused its discretion in denying the motion. And as a result, we reverse the judgment and remand the case for further proceedings consistent with this opinion.

Section 5-1102 of the Recreational Use Statute announces the statute's purpose: "to encourage any owner of land to make land . . . available to the public for any recreational and educational purpose . . . by limiting the owner's liability toward any person who enters on land . . . for these purposes." NR § 5-1102(b). To accomplish this goal, the statute provides that "an owner of land owes no duty of care to keep the premises safe for entry or use by others for any recreational or educational purpose" or to warn others who enter their land for such purposes of any dangerous conditions on the premises. NR § 5-1103. The statute states as well that a landowner who invites or permits others to use their land for any recreational or educational purpose without charge doesn't "[e]xtend any assurance that the premises are safe for any purpose." NR § 5-1104. Further, the statute provides that a landowner doesn't confer the legal status of invitee or licensee to whom a duty of care is owed on any member of the public entering the land for any recreational or educational purpose. *Id.* Nor does the landowner assume responsibility or incur liability for any injury to an entrant on the land for such purpose if the injury is due to the entrant's act or omission. *Id.* The statute defines "[r]ecreational purpose" as "any recreational pursuit," NR § 5-1101(g), and the statutory definition of "[e]ducational purpose" includes "[o]bservation of historical, archaeological, or scientific sites." NR § 5-1101(c)(6). Finally, the Recreational Use Statute doesn't limit a landowner's liability for injury suffered by a person from whom

6

the landowner collected a charge or fee as a condition to entering the land. NR § 5-1106(a).[3]

In summary, the Recreational Use Statute protects owners of private land who make the land available to the general public for recreational or educational use by limiting their liability for injuries due to unsafe conditions on the land. *Fagerhus v. Host Marriott Corp.*, 143 Md. App. 525, 540 (2002); *Martinez v. Ross*, 245 Md. App. 581, 597 (2020) (holding that the Recreational Use Statute protects only those who make land available to the general public, not those who open their land to social guests only). The statute "covers all 'non-paying' recreational and educational users, without regard to how they might otherwise be 'categorized' under common law." *Fagerhus*, 143 Md. App. at 540; *see Martinez*, 245 Md. App. at 588 (noting that "[a]t common law, when persons are injured while on the property of another, their legal status dictates the scope of an owner's duties to them" and explaining the common law categories of "invitee" (to whom a landowner owes "the highest duty"), "social guest" or "licensee by invitation" (to whom they owe a lesser duty), and "bare licensee" or "trespasser" (to whom they owe the least duty) (citations omitted)).

This case involves a new test of how the Recreational Use Statute applies, in this instance to cemeteries. There's no dispute that the Cemetery is private property, nor that the public can access the Cemetery. But the Cemetery is available for different uses, some that are recreational or educational and some that aren't. StoneMor argues for a broad

---

[3] The Recreational Use Statute also does not limit a landowner's liability for a "[w]illful or malicious failure" to warn entrants of a dangerous condition on their land. NR § 5-1106(a). Ms. DeVaughn hasn't alleged that her injury was the product of any willful or malicious conduct by StoneMor.

application of the statute, that the fact that it opens the Cemetery to the public for recreational or educational uses at all confers blanket immunity from premises liability. Ms. DeVaughn argues that she wasn't there for recreational or educational purposes, but as a business invitee, and that any immunity to which StoneMor might be entitled shouldn't apply to her.

Ultimately, Ms. DeVaughn prevails, but for a somewhat different reason than she argues. In the time since the circuit court decided the motions in this case, our Supreme Court issued its opinion in *Mayor and City Council of Baltimore v. Wallace* (*Wallace II*), 492 Md. 349 (2025), and provided the analytical framework for deciding the contours of the Recreational Use Statute. In *Wallace II*, the Court clarified that whether the Recreational Use Statute relieves a landowner of liability for the injuries of a particular user doesn't depend on the user's subjective purpose for entering the land. *Id.* at 366–67, 370–71. That case involved a cyclist who was injured when a defect in the bricks of the Inner Harbor Park promenade in Baltimore City caused her to fall from her bicycle. *Id.* at 353. The cyclist sued the City and alleged that the City was negligent for failing to maintain the promenade or to warn her of the defect that caused her fall. *Id.* The City argued that the Recreational Use Statute barred the cyclist's claim, but the circuit court disagreed. *Id.* at 353–54. The circuit court found that the Recreational Use Statute didn't apply because the cyclist was commuting from work when she was injured, not using the promenade for recreational purposes. *Id.* at 354. We affirmed, but for a different reason: we held that the Recreational Use Statute didn't bar the cyclist's claim because the promenade where she was injured serves "as a public connecter to other parts of [Baltimore] City" and not as

8

land the City made available for recreational purposes. *Mayor & City Council of Baltimore v. Wallace* (*Wallace I*), 260 Md. App. 388, 410, 416 (2024), *aff'd*, 492 Md. 349 (2025).

The Supreme Court affirmed. *Wallace II*, 492 Md. at 355, 372. The Court acknowledged that the promenade "is part of the City's transportation system and, as such, is used not only for recreational bicycling but also for commuting and other transportation purposes." *Id.* at 357. The Supreme Court agreed with the City that the cyclist's subjective purpose for riding her bike on the promenade—*i.e.*, whether she was "riding for fun or for business purposes"—was irrelevant to the question of whether the Recreational Use Statute barred her negligence claim. *Id.* at 366–67. Instead, the Court explained, "the applicability of the Recreational Use Statute [depends] on *what* [a] user was doing on the property" at the time they were injured, "but not *why* they were doing it." *Id.* at 370–71. Under that standard, the Court held that the Recreational Use Statute didn't relieve the City of liability for the cyclist's injuries. *Id.* at 371. Because the City had made the promenade available to the public for transportation purposes, and because cycling was a transportation-related use of the promenade, the Court reasoned, the Recreational Use Statute didn't apply to the cyclist's claim even though cycling "also constitutes a recreational activity." *Id.*

In this case, Ms. DeVaughn argues that the circuit court erred when it found that the Recreational Use Statute barred her negligence claim against StoneMor. She asserts on appeal, as she did in her motion to reconsider the circuit court's decision to grant StoneMor's motion to dismiss, that she was a business invitee of StoneMor at the time she was injured and that the Recreational Use Statute doesn't apply to business invitees. Ms. DeVaughn argues that StoneMor "is in the business of selling gravesites," that she became

9

StoneMor's customer when she purchased a gravesite at the Cemetery for her son, and that StoneMor expects that those who purchase burial plots at the Cemetery for their loved ones will visit the plots to honor and remember them. She contends that because she was "a customer of StoneMor engaged in the exact behavior anticipated by their commercial transaction," she was a business invitee at the time of her injury and was not using the premises for recreational or educational purposes. And because the Recreational Use Statute only limits landowners' liability to non-paying members of the general public who use their land for such purposes, she concludes, the statute does not bar her claim.

StoneMor counters that the statute relieves it of any liability it may have had for Ms. DeVaughn's injuries because (1) it holds the Cemetery, a historical venue, open to the general public for recreation and for observation of historically significant gravesites (an "educational use"); (2) regardless of Ms. DeVaughn's subjective reason for visiting the Cemetery the day she was injured, "[h]er conduct—walking through a publicly accessible, historically promoted cemetery—falls within the scope of recreational use contemplated by the statute"; and (3) it did not charge her a fee to enter the Cemetery on the day of her injury. It asserts also that Ms. DeVaughn was not a business invitee when she visited the Cemetery on April 18, 2024.

Neither party is entirely correct. Ms. DeVaughn devotes much of her brief to arguing that she entered the Cemetery on the day of her injury as StoneMor's business invitee and that because of her status, the Recreational Use Statute doesn't apply to her claim. But as this Court has explained, the statute "covers all 'non-paying' recreational and educational users, *without regard to how they might otherwise be 'categorized' under common law*."

10

*Fagerhus*, 143 Md. App. at 540 (emphasis added). In other words, Ms. DeVaughn's status under the common law premises liability rules is irrelevant to whether the Recreational Use Statute applies to her negligence claim against StoneMor.

StoneMor gets closer to the right legal inquiry but misses as well. As StoneMor recognizes correctly, whether it holds the Cemetery open to the general public; for what uses it holds the Cemetery open to the public; what Ms. DeVaughn was doing on the property when she was injured (but not her subjective reason for being there); and whether it charged her to enter the Cemetery on the day of her injury are all factors relevant to the court's determination of whether the Recreational Use Statute relieves StoneMor of any liability for Ms. DeVaughn's injury. Ms. DeVaughn doesn't contest StoneMor's assertion that it makes the Cemetery available to the general public for recreation and for "educational uses" like visiting and observing historically significant gravesites. *See* NR § 5-1101(c)(6). Nor does she allege that StoneMor charged her to enter the Cemetery on the day she was injured. Further, and although Ms. DeVaughn argues that her use of the Cemetery on that day—visiting and attending her son's gravesite—was not recreational or educational, StoneMor is right that, subjective purpose aside, her act of "walking through a publicly accessible . . . cemetery" could fall plausibly "within the scope of recreational use contemplated by the [Recreational Use Statute]." *See* NR § 5-1101(g).

That all said, Ms. DeVaughn asserts as well that StoneMor "operates the Cemetery as a commercial enterprise"—selling burial plots to those looking for a place to visit and remember their loved ones. StoneMor doesn't dispute that assertion but would have us affirm the circuit court on the theory that because it makes the Cemetery available generally

11

to the public for recreational and educational uses, the Recreational Use Statute would relieve it of liability for any injury sustained anywhere on the Cemetery grounds by any person engaged in any activity that could be characterized as recreational or educational. That sort of holding would stretch the Recreational Use Statute beyond the statute's stated purpose and allow a landowner who uses their land for commercial purposes to avoid any liability for injuries sustained on that land by opening it up to the public for recreational use also. Instead, the proper analytical pathway is the one the Supreme Court laid out in *Wallace II*, which instructs a court to look at the area where a plaintiff was injured; to determine whether the landowner intended *that area* to be used for recreation and education or for some other purpose; and, if it finds that the landowner did intend the area where the injury occurred to be used for some other purpose, to determine whether the plaintiff's use was consistent with that purpose even if it could "also constitute[] a recreational activity." 492 Md. at 370–71.

When the circuit court denied Ms. DeVaughn's motion to reconsider its grant of StoneMor's motion to dismiss, it relied primarily on a finding that she entered the Cemetery without charge on the day she was injured. But that is only one piece of the inquiry that drives the potential application of the Recreational Use Statute to Ms. DeVaughn's claim. Under the standard established by this Court in *Wallace I* and the Supreme Court in *Wallace II*, the court needs to determine as well if the area where Ms. DeVaughn fell was one StoneMor intended to be used primarily for commercial purposes (*i.e.*, the sale of burial plots and related activities, like funerals or the visitation of loved ones' gravesites) or if she sustained her injury in an area intended for recreation (*e.g.*, a walking or biking path) or

12

educational uses (*e.g.*, an area of the Cemetery devoted to the observation of historically significant gravesites). *See* 260 Md. App. at 410; 492 Md. at 370–71. If the court had found *first* that Ms. DeVaughn was injured in an area intended for recreational or educational uses and *second* that she was using the land for such purposes when she was injured, it would have been proper for the court to deny her motion to reconsider on the grounds that the Recreational Use Statute barred her claim against StoneMor. But if the court had found *first* that Ms. DeVaughn was injured in an area of the Cemetery intended for commercial purposes and *second* that her use of the property when she was injured was consistent with those purposes even if it could be characterized as recreational as well, the court should have allowed her claim to proceed. *See Wallace II*, 492 Md. at 370–71.

We recognize that the allegations in Ms. DeVaughn's complaint don't shed much light on where in the Cemetery she was injured beyond the statement that she was "walking around her child's gravesite," and the factual statements in StoneMor's motion to dismiss don't resolve this point either. As a result, we reverse the judgment of the circuit court and remand for the circuit court to apply—based on the allegations in the complaint or any additional allegations Ms. DeVaughn might raise were she to amend the complaint—the *Wallace II* standard for determining if the Recreational Use Statute applies to her claim.

**JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. APPELLEE TO PAY COSTS.**